1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| SSFT PROPERTIES II LLC, | CASE NO. 12cv3 WQH (NLS) |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| DAVID BACKE; DOES 1-10 inclusive, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Ex Parte Motion to Remand filed by Plaintiff SSFT Properties II LLC.  (ECF No. 3).

## I.    Background

On September 19, 2011, Plaintiff initiated this action by filing a Complaint for unlawful detainer in the Superior Court of California for the County of San Diego, where it was assigned case number 37-2011-00031565-CL-UD-SC.  (ECF No. 1-1 at 3).  The Complaint alleges that Plaintiff is entitled to possession of real property located at 495 Allview Court, Chula Vista, California.  *Id*. at 3-4.  The Complaint alleges that Plaintiff served Defendants with written notice requiring them to vacate the property and Defendants failed to vacate the property.  *Id*. at 4.  The Complaint alleges a single claim for unlawful detainer under California law, seeking possession of the property and damages in the sum of $70.00 per day from September 16, 2011 until Defendants vacate the premises.  *Id.* at 6.

On January 3, 2012, Defendant David Backe, proceeding *pro se*, removed the action to this Court. (ECF No. 1). The Notice of Removal alleges that federal question jurisdiction exists because "the Notice to Occupants to Vacate Premises failed to comply with The Protecting Tenants at Foreclosure Act 12 U.S.C. § 5220." *Id*. at 2. Defendant contends that "[f]ederal question jurisdiction exists because Defendant's answer, a pleading, depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law." *Id*. at 3.

On January 6, 2012, Plaintiff filed an Ex Parte Motion to Remand. (ECF No. 3). Plaintiff alleges that federal question jurisdiction does not exist becase there is no federal claim in the Complaint.

**II.    Discussion**

A defendant may remove a civil action from state court to federal court based on either federal question or diversity jurisdiction. *See* 28 U.S.C. § 1441. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.... [T]he existence of a defense based upon federal law is insufficient to support jurisdiction." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quotation and citation omitted). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airline, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted). The presumption against removal means that "the defendant always has the burden of establishing that removal is proper." *Id*. A district court must remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

The sole basis for federal jurisdiction referenced in the Notice of Removal is that Defendant has a defense to the Complaint based upon Plaintiff's alleged failure to comply with a federal statute. "[T]he existence of a defense based upon federal law is insufficient to support [federal question] jurisdiction." *Wayne*, 294 F.3d at 1183. This Court does not have federal subject-matter jurisdiction over this matter.

**III.    Conclusion**

IT IS HEREBY ORDERED that the Ex Parte Motion to Remand filed by Plaintiff SSFT Properties II LLC (ECF No. 3) is GRANTED.  Pursuant to 28 U.S.C. § 1447(c), this action is REMANDED for lack of subject-matter jurisdiction to the Superior Court of California for the County of San Diego, where it was originally filed and assigned case number 37-2011-00031565-CL-UD-SC.

DATED:  January 23, 2012

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge

- 3 -